## Case No. 1,080.

### BARTLETT v. RUSSELL.

[4 Dill. 267; 16 N. B. R. 211; 9 Chi. Leg. News, 377; 6 Am. Law Rec. 13; 4 Law & Eq. Rep. 197; 24 Pittsb. Leg. J. 206.] [1]

Circuit Court. D. Colorado. 1877.

BANKRUPT ACT—OFFICE OF PETITION FOR REVIEW —LIEN OF FI. FA. ON GOODS AND CHATTELS.

The statute of Colorado provides that "no writ of fieri facias, or other writ of execution, shall bind the estate of the defendant but from the time such writ is delivered to the sheriff or other proper officer to be executed." Under this statute, an execution on a judgment is a lien on the debtor's property from the time it is delivered to the sheriff to be executed, which will be protected in bankruptcy, and will not be defeated by a petition in bankruptcy, filed after the delivery but prior to the levy of the execution.

[See In re Paine. Case No. 10,673; In re Hull, Id. 6,857; Crane v. Penny. 2 Fed. 187; also, In re Weeks. Case No. 17,350; Goddard v. Weaver, Id. 5,495; In re Wheeler, Id. 17,-490.]

In bankruptcy. This was a petition for review, filed by [Albert E.] Bartlett, assignee in bankruptcy of Peabody, to reverse an order of the district court, in bankruptcy,

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 4 Law & Eq. Rep. 197, contains partial report only.]

in favor of the respondent, [Edward] Russell. [Unreported.] The material facts appear in the opinion, orally given, of the circuit justice.

Blake & Jacobsen, for petitioner.
Thomas Macon, for respondent.

MILLER, Circuit Justice. I have given to this case all the consideration I shall have time to give it, and, although there are conflicting authorities upon the subject, I have arrived at a conclusion satisfactory to myself, and will proceed to announce it.

The case is this: The bankrupt was sued in the state court by Edward Russell, who obtained a judgment against him, and fearing that he would probably not make his money otherwise, he obtained an order from the court, and had execution issued and placed in the hands of the sheriff. In about an hour after that was done, the bankrupt filed his petition in bankruptcy, and in about an hour after that the execution was levied upon the personal property of the debtor. While the sheriff was taking an inventory, however, the marshal of the United States made his appearance, and claimed the property under the orders of the district court, and it was delivered to him. Afterwards a petition was filed in the United States district court by Russell, asking that the proceeds of that property, which had been sold, might, as far as was necessary, be appropriated to the payment of this debt, and the district court gave the order, directing that the debt be paid out of the assets, as far as the property levied upon would pay it.

For the reversal of that order, the assignee of the bankrupt had filed a petition here, and the first question is as to the jurisdiction of this court. I have some doubt about that—whether the order of the district court may be reviewed on petition in this way. I have concluded, however, to give the petitioner the benefit of the doubt, since the whole matter seems to have been conducted in a summary way; and I am rather inclined to the opinion that this is one of those questions which may be reviewed by this form of proceeding—which may be called the extraordinary jurisdiction of the circuit court under the bankrupt law.

The question then recurs, whether the order of the district court was correct, that the plaintiff, Russell, had established such a lien on the goods of the bankrupt, seized under the writ of execution, as required that they should be first appropriated to pay his judgment.

The question is one, or ought to be one, upon the local laws of this state, because it is a question whether, under the laws of the state of Colorado, the proceedings which the plaintiff in the original suit instituted for the purpose of making his debt, created such a lien that it should be respected in the bankruptcy proceedings.

But, while you have a statute in this state upon this subject, there are no decisions construing the statute. The counsel, in the argument, referred to no such decisions, and my associate says there have been none in this state upon it. But the statute is one which exists, and has long existed in other states, and is in precisely the same words as the statute of Kentucky and Illinois, and is said to have been copied from the statute of Illinois; and the counsel for the petitioner, in his argument, relies upon the decisions of the state court of Kentucky construing that statute. The statute is: "That no writ of fieri facias, or other writ of execution, shall bind the estate of the defendant or defendants but from the time such writ shall be delivered to the sheriff or other proper officer to be executed." This is a limitation of the common law, by which the goods and chattels of the party were bound from the time the writ was tested.

Now, I cannot go into all the authorities which were referred to the other day in the argument. The argument was an able and exhaustive one, and a great many authorities were cited. The English authorities are in conflict with the authorities in this country. I can only say, in view of the principle of our bankrupt law, that I am of the opinion that there was such a lien as gave to the plaintiff in the action at law the right to appropriate that money to the payment of his debt; and that there was a lien of some kind is not disputed.

Some cases were cited, showing that a subsequent execution, or an execution delivered to the sheriff subsequent to the first one, may appropriate property to the exclusion of the lien established by the first execution delivered to the officer. But that whole subject was reviewed by the supreme court, in the case of Waller v. Best, 3 How. [44 U. S.] 111. That was a case concerning the effect of this statute in the state of Kentucky, and that eminent jurist, Chief Justice Taney, after reviewing the decisions of the state court of Kentucky, uses this language in reference to the decision of the state court in the case of Addison v. Crow, [5 Dana, 271:] "This is the latest decision in the courts of the state to which we have been referred, or of which we are aware, and, as we have already said, it appears to have been well considered. And whatever doubts might before have been entertained, we must, under the authority of this case, regard it as the settled law of the state, that the creditor obtains a lien upon the property of his debtor by the delivery of the fieri facias to the sheriff; that it acquires no additional validity or force by being actually levied, but that the lien is as absolute before the levy as it is afterwards, and continues while the process remains in the hands of the sheriff to be executed."

It does not become me to overrule that decision, and it was upon decisions of the state

of Kentucky that the counsel for petitioner rely to show that the lien was not an absolute one.

I read the above from Curtis's decisions of the United States supreme court, the chief value of which lies in the head notes, and his head notes, although brief, are entitled to great weight, as expressing the result of the case. He says, in the head notes to this case: "In Kentucky, the delivery of fieri facias to the sheriff creates a lien on the debtor's lands, which is as valid before as after a levy." Not only is this case an authority which I do not feel like overruling, but it meets my approval. I think that there is a lien established by the delivery of the execution to the sheriff. The construction of our bankrupt law by the supreme court has tended very much of late years to give effect to liens established by judicial proceedings, in which there was no collusion, no summary process, but a lien obtained by the orderly and regular course of judicial proceedings, and not by attachment; and such liens will be respected by the federal courts in the administration of the bankrupt law.

The judgment of the district court in this case is affirmed.

Affirmed.