## JOSLIN V. SPANGLER, SHERIFF (TWO CASES).

13   491
4a  153

1. EXECUTION LIENS — PRIORITY OVER ONE ANOTHER.— An execution is a lien upon the personal property of the debtor from the date of its delivery to the sheriff. Therefore, execution liens are entitled to priority over each other in accordance with the respective dates of their delivery to that officer.
2. SAME — A SALE OF PERSONAL PROPERTY, WHEN A DISCHARGE OF PRIOR LIEN.— But a levy upon personal property sufficient to satisfy the execution having a prior lien, if the property be taken from the possession of defendant and sold for such purpose, is, as to the junior lienor, a discharge of the prior lienor's claim. After such levy and sale the senior execution lienor cannot demand satisfaction of his unpaid balance from the proceeds of a subsequent levy and sale under the execution having a junior lien.

*Error to District Court of Arapahoe County.*

ACTIONS by J. Jay Joslin, in the first case in his own right, and in the second as assignee of Fox Bros., against Michael Spangler, sheriff, to subject funds in defendant's hands to the satisfaction of executions. Judgment for defendant in both cases, and plaintiff brings error.

Mr. ENOS MILES, for plaintiff in error.

Mr. S. P. ROSE and Mr. M. G. CAGE, for defendant in error.

Chief Justice Helm delivered the opinion of the court.

In all substantial particulars these cases are the same, and by stipulation they are decided together. They were tried to the court below without a jury, upon agreed statements of fact, judgments being duly rendered against plaintiffs and in favor of Spangler, the sheriff, who was defendant.

An execution in this state constitutes a lien upon the personal property of the debtor from the date of delivery to the sheriff. Sec. 1846, Gen. St.; *Bartlett v. Russell,* 4 Dill. C. C. 267. The executions of Joslin and Fox Bros., having been delivered to the sheriff prior to his reception of the Weber and Siegel writs, therefore created a prior lien upon the personal property of Silberstein & Co., the common judgment debtor. This priority of lien undoubtedly entailed, in the first instance, a corresponding precedence in the right to satisfaction of the Joslin and Fox Bros. judgments from such personal property; but this fact, as we shall presently see, is not decisive in the cases at bar.

The stock of goods belonging to Silberstein & Co. was levied upon, taken from their possession, and sold under the prior executions of Joslin and Fox Bros. The net proceeds received, after deducting the expenses of sale and $10.90, the costs of suit, aggregated $180. But the same identical goods, with the exception of $190 worth of cloaks, were also afterwards levied upon and sold under the Weber and Siegel writs. The gross proceeds of the latter sale were $3,050, and the net proceeds, after payment of $647.50 in costs and expenses, were $2,402.50. We infer from the agreed statements of fact that the property was purchased at the prior sale for the benefit of Silberstein & Co. It is clear that Kauffman, who claimed individual ownership, was in reality, as shown by the replevin suit, acting merely as their agent.

The present actions were not brought against the sheriff on the ground of negligence or other misconduct in making the prior sale. There is no charge, either in the pleadings or evidence, of bad faith or gross carelessness on his part in connection therewith. On the contrary, as clearly shown both by the complaints and by the agreed statements of fact, the sole purpose of the suits was and is to obtain satisfaction of the amounts still unpaid upon the prior executions, out of the proceeds realized at the second sale, and remaining in the sheriff's hands for distribution. The prayers in the respective complaints are that the unsatisfied judgments be paid "out of the moneys so in defendant's hands," while the concluding stipulation in the agreed statements is that "if the court shall be of the opinion, on the above facts, that plaintiffs are entitled to recover, judgment shall be rendered in their favor for such amount of the money in defendant's hands as the court shall be of opinion they are entitled to." The right of plaintiffs to precedence in the distribution by the sheriff, to the extent of the balances remaining due them on their respective judgments, is based solely upon their claim of a prior valid and existing lien arising from prior delivery to that officer of their executions. We shall confine this opinion to the cases thus made by the records.

The stipulated facts satisfy us, as they doubtless did the trial court, that the merchandise levied upon and sold under the Joslin and Fox Bros. executions was amply sufficient to discharge in full their judgments. It is extremely difficult to account for the remarkable discrepancy between the sums realized from the two sales upon any theory consistent with good faith on the part of all parties directly concerned. The expenses of the sales could not have been materially different, and the costs of the latter suits must have been more than $10.90 — the aggregate costs incurred in the Joslin and Fox Bros. cases. But a few days intervened between the two sales,

and during this period the goods certainly did not increase in value; yet the net proceeds from the second sale, after payment of over $600 in costs, were more than thirteen times the net amount realized at the first sale, and more than sufficient to discharge, twice over, the preferred executions in full. It is clear that the unsatisfactory result of the first sale arose from some ulterior cause, and that the amount realized at the second sale represented the real value, under the sheriff's hammer, of the property sold. This conclusion is materially strengthened by reference to the pleadings in the present cases. Both Joslin and Fox Bros. averred in their complaints that the value of these goods on November 11th, three days after their liens attached, was "over $3,000."

The foregoing conclusion forbids a recovery by plaintiffs under the issues presented in the records before us. For "it has been repeatedly held, and may be considered well settled, that a levy upon sufficient personal property to satisfy the execution, if it be taken from the possession of the defendant, is a satisfaction of the debt. After such a levy the creditor must look to the officer for his money; for, so far as the debtor is concerned, it is paid, and he is discharged from further liability for it." Murfree, Sher. § 529, and cases cited; Herm. Ex'ns, § 176, and cases cited.

If the judgment debtor in such case can plead satisfaction, the junior judgment creditor should certainly be permitted to do so, when necessary for his own protection. And even when, by virtue of some collateral agreement or understanding between the debtor and the senior creditor, this rule may be relaxed as to the latter, the rights of the junior creditor should not be prejudiced. Upon showing that sufficient property was taken and disposed of, under the execution creating the prior lien, to fully discharge the preferred judgment and costs, the junior execution lienor should not be interfered with in collecting his claim because, through the fault of the

sheriff or the prior lienor himself, the latter's debt is not paid in full. The net proceeds of the second sale are insufficient to satisfy the judgments of Weber and Siegel; and we shall decline to recognize the right of Joslin and Fox Bros. to deplete the sum realized, by requiring the sheriff to first pay them the balance remaining due upon their executions.

The justice of this conclusion becomes more apparent by consideration of the following additional facts connected with the second levy and sale, viz.: That Joslin was in the business on the same side of the street, but four doors distant from the place formerly occupied by Silberstein & Co.; that Kauffman, after the first sale, proceeded with the business at the same place; that, notwithstanding the superior advantages for discovering the real ownership in the premises thus possessed by Joslin, neither he nor Fox Bros., with whom he acted, did anything towards a new levy (assuming that they possessed this right) upon the property under their executions, which were still in the sheriff's hands, unsatisfied to the extent of over $800; that Weber and Siegel took all the risks and bore all the expense connected with the subjection of the stock of goods to the second sale under their junior executions; that they alone indemnified the sheriff, who demanded an indemnity bond as a condition precedent to the second levy; and that they alone contested and defeated, in the replevin suit, Kauffman's claim of independent ownership.

We have said nothing in this opinion concerning the several attachment levies. Reliance thereon appears unnecessary, and the discussion is simplified by the omission. Besides, the executions were all general, and not special. Both judgments rendered in the court below are affirmed.

*Judgments affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trials below, did not participate in this decision.