## FIRST STATE BANK OF CROOK, COLO., et al. v. FOX.

(Circuit Court of Appeals, Eighth Circuit. December 5, 1925.)

No. 6934.

**1. Bankruptcy 224—Objection that referee was without jurisdiction of proceeding to reclaim proceeds of property held by mortgagee came too late.**

Objection that referee in bankruptcy was without jurisdiction of proceeding in name of bankrupt to reclaim proceeds of property held by mortgagee, in that trustee was proper party to commence proceeding, came too late, where issue had been joined in proceeding as instituted, and defendants had asked specific relief against trustee.

**2. Bankruptcy 288(1)—Mortgagee waived right to have its title to property claimed by trustee of bankrupt adjudicated in plenary action.**

In proceeding by trustee of bankrupt to reclaim property in possession of mortgagee, mortgagee waived right to have its title to property adjudicated in a plenary action, rather than in a summary proceeding, where it joined issue and participated in hearing before referee without timely raising question.

**3. Courts 366(1)—Construction of state statute by state Supreme Court is controlling in federal court.**

Construction of a state statute by state Supreme Court is controlling in federal court.

**4. Bankruptcy 184(3)—Lien of mortgagee under valid mortgage executed more than four months prior to filing of petition in bankruptcy by mortgagor held not avoided by bankruptcy.**

Lien of mortgagee, under C. L. Colo. § 5085, acquired by taking possession of mortgaged property under valid mortgage within four months immediately prior to filing of petition in bankruptcy by mortgagor, which mortgage was given prior to such period, held not avoided by bankruptcy; section 5093 being inapplicable.

**5. Execution 110—Lien on personal property of debtor exists from date of delivery of execution to sheriff under Colorado law.**

Under C. L. Colo. § 5913, a lien on personal property of debtor exists from date of delivery of an execution to sheriff, execution being returnable within 90 days.

**6. Execution 110—Execution lien against property not avoided by mortgagee's possession, nor sheriff's failure to make effectual levy.**

Execution lien against property held not avoided by mortgagee's possession of property under its prior mortgage, nor by failure of sheriff to make an effectual levy as against mortgagee's possession; right of execution creditor existing as to whatever remained after satisfaction of prior claims of mortgagee.

**7. Bankruptcy 303(1)—Trustee had burden of proving insolvency of bankrupt, when judgment lien was obtained to avoid it.**

To avoid lien of judgment creditor, because arising within four months immediately preceding filing of petition in bankruptcy, trustee had burden of proving that bankrupt was insolvent when lien was obtained.

**8. Bankruptcy 303(3)—Insolvency anterior to filing of bankruptcy petition not established by failure to realize from sales of bankrupt's property, after adjudication, an amount sufficient to pay his debts.**

That sales of property of bankrupt, made by trustee after adjudication, did not realize an amount sufficient to pay bankrupt's debts, held not to establish fact of insolvency at a time anterior to filing of bankrupt's petition.

**9. Bankruptcy 199—Lien of judgment creditor not avoided, where it did not appear that bankrupt was insolvent when lien was created.**

Lien of judgment creditor held not avoided, because arising within four months immediately preceding filing of petition in bankruptcy, where it did not appear that bankrupt was insolvent when lien was created.

Appeal from the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Reclamation proceeding by Gladys F. Fox, trustee, against the First State Bank of Crook, Colo., and another. From an order confirming an order of a referee in bankruptcy, requiring named defendant to account to trustee for certain property or proceeds thereof, defendants appeal. Remanded, with instructions.

Coen & Sauter, of Sterling, Colo., and Clarence L. Ireland, of Denver, Colo., for appellants.

W. L. Hays, of Sterling, Colo., for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and WILLIAMS, District Judge.

WILLIAMS, District Judge. This appeal brings under review action of the lower court in confirming an order of the referee in bankruptcy requiring appellant to account to the trustee for certain property, or proceeds thereof.

Charles Edward Hickerson, a farmer and stockman, on his voluntary petition in bankruptcy, filed on November 21, 1923, was adjudicated a bankrupt on November 23, 1923. On January 22, 1923, bankrupt made and delivered his note to appellant bank, payable six months after date, secured by chattel mortgage on certain personal property. On same day bankrupt made and delivered another note, payable six months after date, to Crook Hardware Company, in sum of $239.50, secured by chattel mortgage, made by its terms subject to mortgage in favor of appellant bank, covering same property, with exception of one item. Said note and mortgage to hardware company being also held by appellant bank through assignment on August 21, 1923, before expiration of 30 days from maturity of said notes, affidavit was filed in office of county clerk and recorder, extending mortgage executed to said bank until October 22, 1923, and specifying that $1,000 thereon was unpaid; no extension being made as to hardware company note. On November 14, 1923, appellant bank, by filing affidavit, further extended said mortgage lien until 22d day of February, 1924, specifying amount then unpaid to be $1,000 and interest. On September 29, 1923, appellant S. R. Parvin obtaining judgment against bankrupt, execution was duly issued and placed in hands of sheriff of county in which said property was located, before appellant bank took possession of same on November 19, 1923, under mortgages held by it. On December 4, 1923, said property being sold by appellant bank at public auction under terms of said mortgages, after paying necessary expense and costs, including attorney's fees, and debt and interest, a balance remained in hands of appellant bank in sum of $310.59. On December 5, 1923, sheriff, garnishing appellant bank, said amount being placed in registry of state court, it was then paid to appellant S. R. Parvin. On April 9, 1924, bankrupt, through his attorney, who was also attorney of record for trustee in bankruptcy, commenced, by motion supported by affidavit, proceeding before referee in bankruptcy to have all of said property, or proceeds thereof, delivered to possession of trustee.

On April 26, 1924, appellant bank by affidavit traversed all allegations, except such as specifically admitted, and prayed in part: "That upon final hearing the said Charles Edward Hickerson [bankrupt] be denied any order for the payment of any sums of money or the delivery of any property by the First State Bank of Crook, Colo. [appellant], and that the trustee [appellee] in the said cause be denied any order requiring the First State Bank of Crook, Colo., to deliver to the said trustee certain property alleged to belong to the said bankrupt. * * *"

The referee found (1) that possession was taken by the appellant bank prior to the filing of the petition in bankruptcy; (2) that lien under mortgage to the hardware company, assigned to said appellant, had expired prior to said date, and that, though possession was taken as found by him, as to the hardware company note and mortgage appellant became an unsecured creditor, and could only as such participate in distribution of said funds; and (3) that, the Parvin judgment having been obtained within four months before filing of petition in bankruptcy, no lien attached as result of the execution and garnishment, and that moneys in hands of appellant in excess of the sum of $1,000, with interest at the rate of 10 per cent. per annum from August 20 to December 4, 1923, together with cost of recovering the property, expense of sale, attorney's fee, not to exceed $100, and taxes, should be paid to trustee in bankruptcy.

[1] 1. As to jurisdiction of the referee, contention is made that, the proceeding being instituted in the name of the bankrupt, and not the trustee, though for benefit of the trustee, the referee was without jurisdiction; the trustee being proper party to commence such proceeding. As initiated, it was for the benefit of the estate, and obviously with consent of the trustee, as the attorney who commenced the proceeding in the name of the bankrupt was also attorney of record for the trustee. Appellants, in traversing allegations as made by the bankrupt, specifically ask for relief against trustee of the estate. At what period in the proceeding this question was brought to attention of the referee is not disclosed by the record. No such objection was made in the pleadings or evidence, as reported, before the referee as same appear in the record.

In the certificate of the referee we find the following: "Appearances: First State Bank of Crook, S. R. Parvin, by Coen & Sauter, attorneys; * * * Gladys F. Fox, trustee, by W. L. Hays, her attorney." Both

trustee and referee treated the matter as at issue between appellants and appellee. Appellants having, joined issue in the proceeding as instituted, and asked for specific relief as against the trustee, who appeared by her attorney, and proceeded with the hearing, its objection as to form of procedure as disclosed by the record comes too late.

[2] 2. As to contention that, possession of the property not being in the trustee, but in appellant bank, as an adverse claimant, it was entitled to have its rights relative thereto adjudicated in a plenary action, rather than in a summary proceeding, such privilege is waived by not timely raising the question, but joining issue before the referee and participating in such hearing.

3. (a) Did a valid lien exist on the property covered by the mortgage to the hardware company at time of sale? Section 5085, Compiled Laws of Colorado 1921, provides: "Every chattel mortgage shall be good and valid between the parties thereto until the indebtedness secured thereby is paid, or barred by the statute of limitations."

Section 5093 Compiled Laws of Colorado 1921, providing for extension of mortgage lien by filing of an affidavit showing amount due and unpaid, relates only to rights which may be acquired by attaching or levying creditors or subsequent lienholders. In Bogdon, Trustee, v. Fort, 75 Colo. 231, 225 P. 247, involving defect as to mortgage on account of failure to acknowledge and record, it was held that: "Even though the mortgage is invalid as to creditors or third persons, whose rights or interests have become a lien through judicial process or contract during the time that the property remains in possession of the purchaser mortgagor, yet if the mortgagee takes possession, and thereafter continuously retains it before such rights of creditors and third parties attach, such taking of possession by the mortgagee cures defects in the execution and recording of the instrument, and the mortgagee thus acquires a superior right."

[3, 4] The holding of the Colorado court in construction of its mortgage statute is controlling here. The referee's finding that appellant bank was in possession under its mortgages at and prior to date of adjudication in bankruptcy, as confirmed by the trial court, is sufficiently supported by evidence. So, having taken possession under mortgage within four months immediately prior to filing of petition in bankruptcy, same being given prior to said four months period, bankruptcy did not operate to avoid lien preserved by taking possession under mortgage which constituted a valid and binding contract between parties. 2 Collier on Bankruptcy (13th Ed.) 1255, and authorities cited in footnote 46.

[5] 3. (b) In Colorado, a lien upon personal property of debtor from date of delivery of an execution to the sheriff exists; execution being returnable within 90 days. Section 5913, Compiled Laws of Colorado 1921; Joslin v. Spangler, 13 Colo. 491, 22 P. 804. In Bartlett v. Russell, 4 Dill. 267, 16 N. B. R. 211, 9 Chi. Leg. News, 377, 6 Am. Law Rec. 13, 4 Law & Eq. Rep. 197, 24 Pittsb. Leg. J. 206, 2 Fed. Cas. 978, No. 1,080, in an opinion by Circuit Justice Miller, it was held: "The statute of Colorado provides that 'no writ of fieri facias, or other writ of execution, shall bind the estate of the defendant but from the time such writ is delivered to the sheriff or other proper officer to be executed.' Under this statute, an execution on a judgment is a lien on the debtor's property from the time it is delivered to the sheriff to be executed, which will be protected in bankruptcy, and will not be defeated by a petition in bankruptcy, filed after the delivery but prior to the levy of the execution."

[6] Judgment being rendered on September 29, 1923, against bankrupt, execution was placed in hands of sheriff some time before appellant took possession under its mortgage, which was on November 19, 1923, and prior to filing of petition in bankruptcy. The bankrupt testified that "Parvin obtained a judgment against me on the 29th day of September, 1923. The sheriff was out with an execution, but did not take possession; but afterwards the bank did." On December 5, 1923, the sheriff, on the day after the sale under the mortgage, served garnishment summons on appellant bank. The execution lien was not avoided by appellant's possession under its prior mortgage, nor by failure of sheriff to make an effectual levy as against possession of appellant bank; the right of the execution creditor existing only as to whatever remained after satisfaction of prior claims existing by virtue of the mortgages held by appellant bank.

[7-9] 3. (c) Was said lien of judgment creditor void on account of arising within four months immediately preceding filing petition in bankruptcy? That the bankrupt was insolvent when judgment was recovered within four months, such lien thereunder existing prior to filing of petition in bankruptcy, must be proved to the satisfaction of

the court by the trustee in bankruptcy, appellee herein. Liberty National Bank v. Bear, 265 U. S. 365, 44 S. Ct. 499, 68 L. Ed. 1057; Taubel, etc., Co. v. Fox, 264 U. S. 427, 44 S. Ct. 396, 68 L. Ed. 770. Nor does the fact that sales of the property of the bankrupt, made by the trustee some time after date of adjudication in bankruptcy, did not realize an amount sufficient to pay the debts of the bankrupt, establish fact of insolvency at a time anterior to filing of bankruptcy petition. Liberty National Bank v. Bear, supra. Insolvency at time of rendition of the judgment and placing of execution in hands of the sheriff is not sustained, either by pleading or proof. This burden rested on appellee. The judgment and lien thereunder, though within four months immediately preceding filing of petition in bankruptcy, was some time anterior thereto. The record is without evidence to establish bankrupt's insolvency at time lien was created under said execution.

This cause is remanded, with instructions to modify order appealed from, so as not only to award to appellant bank a sum sufficient to discharge the $1,000 note, with interest, costs, attorney's fees in the sum of $100, and taxes, but also the hardware company note, and the balance, in the sum of $310.59, to appellant S. R. Parvin, on account of his execution lien.