**HAYNES & HUBBARD, INC., Appellant,**

**v.**

**Ernest L. STEWART, Trustee in Bankruptcy of Indian Lake Estates, Inc., Bankrupt, Appellee.**

**No. 24592.**

United States Court of Appeals Fifth Circuit.

Dec. 27, 1967.

Monterey Campbell, Tomasello, Campbell & Dunlap, Bartow, Fla., for appellant.

Don M. Stichter, Bucklew, Ramsey & Stichter, Tampa, Fla., for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant is a judgment creditor. The Referee in Bankruptcy declared the judgment in question, which had been obtained in a state court in a suit on a construction contract, null and void as a lien against the real property of the bankrupt corporation. The judgment was entered three days before the petition in bankruptcy was filed. The District Court affirmed. We also affirm.

The sole issue is whether Indian Lake Estates, Inc., the bankrupt, was solvent on April 13, 1965, the date of the judgment lien, within the meaning of § 67(a) (1) (a) of the Bankruptcy Act. 11 U.S.C.A. § 107(a) (1) (a). Insolvency must be determined as of the time the lien attached. The evidence discloses that the bankrupt's liabilities amounted to $2,920,653.66 at the time of filing which was three days later. Its assets were: (1) equity in approximately 3,433 lots and facilities at Indian Lake Estates, which lots were encumbered by first and second mortgages; (2) a pending lawsuit for $5,000,000 in the District of Columbia; (3) maintenance fees from which the trustee was trying to realize $16,000.00; (4) miscellaneous personal property. The foreclosure of the mortgages occurred after the filing of the petition in bankruptcy, and the final decree of foreclosure was entered in August, 1965. Foreclosure proceedings had been instituted in November, 1964. The trustee realized no equity in the sale of the mortgaged property.[1] The District of Columbia lawsuit had been instituted in 1959 and was still unresolved although one of twelve defendants had already settled for $30,000.00. Only one or two

---

1. The fact that the trustee, after the judgment lien attached, realized no equity in the foreclosure sale might not necessarily carry the trustee's burden of proof. First State Bank of Cook, Colo. v. Fox, 10 Cir., 1925, 10 F.2d 116, 118. However, insolvency may not always be susceptible of direct proof and frequently must be determined by the proof of other factors from which the ultimate fact of insolvency on transfer dates may be inferred or presumed. Thus it has been held that a bankrupt's insolvency on a transfer date may be shown by using company books and a later inventory and by working backwards through a ledger to reflect sales, purchases and returns after the critical date. The only qualification to the use of this back-up method is that a trustee must be able to show absence of substantial or radical changes in assets or liabilities of the bankrupt between "retrojection dates." Hassan v. Middlesex County Nat'l Bank, 1 Cir., 1964, 333 F.2d 838, cert. den., 379 U.S. 932, 85 S.Ct. 332, 13 L.Ed.2d 344. Clearly there was no substantial or radical change here between the date the judgment lien attached, or between the date the foreclosure proceedings were instituted and the date they became final.

mortgage payments had ever been made on principal and these were prior to August, 1961. When the lien in issue attached, no interest had been paid for two years. Although each of the factors mentioned above might not alone justify a finding of insolvency, it is clear that the evidence as a whole justified the finding of insolvency.

Affirmed.