In re **CHASE & SANBORN CORPORA-TION, f/k/a General Coffee Corporation, Debtor(s).**

Paul C. **NORDBERG, Trustee, Plaintiff,**

.v.

**REPUBLIC NATIONAL BANK OF MIAMI, Defendant.**

Bankruptcy Nos. 83–00889–BKC–TCB, 85–0700–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

July 30, 1985.

See also, 51 B.R. 733.

Paul, Landy, Beiley & Harper, P.A.

Gary A. Jones.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks the recovery of $509,041 transferred by the debtor to defendant by check three months before bankruptcy. Defendant has answered and the matter was tried on July 25.

At trial plaintiff abandoned his third count which characterized the transfer as a voidable preference under 11 U.S.C. § 547(b). This left two counts alleging a fraudulent transfer under § 548(a)(1), actual fraud, and § 548(a)(2), constructive fraud.

The transfer was a check drawn on another bank, payable to the defendant bank, and honored on February 18, 1983. The amount equalled and was applied to satisfy a personal note owed by Alberto Duque to the defendant bank. Duque controlled the debtor as its dominant stockholder, officer and director. Duque had requested a $1 million letter of credit from the defendant for the account of another corporation controlled by him, Colombian Coffee. Defendant agreed to issue the letter upon satisfaction of Duque's personal note.

At no time was the debtor ever indebted to the defendant bank and at no time did the bank ever furnish any consideration to the debtor. The bank dealt solely with Duque. The debtor did not even have an account with the defendant.

If this were all the story, this case would present little difficulty. Plaintiff would prevail.

"There is no doubt that usually a diversion of corporate assets for the benefit of a third person, such as the payment of the loan of another, is a transfer without 'fair consideration'." *Mayo v. Pioneer Bank & Trust Company,* 270 F.2d 823, 829 (5th Cir.1959), *cert. denied,* 362 U.S. 962, 80 S.Ct. 878, 4 L.Ed.2d 877 (1960).

*Mayo* was decided when § 67d of the former Act was in effect. The comparable phrases in the present law are "reasonably equivalent value", § 548(a)(2)(A), and "fair value", § 548(c). No court has suggested that a different rule would apply today.

However, there is more to the story. While the debtor's check was clearing, Duque drew $1 million from the letter of credit and paid that sum to the debtor. If this were the end of the story, I would have no hesitancy in deciding this matter in defendant's favor.

As Judge Wisdom noted in *Mayo:*

"The requirement of 'fair consideration' is aimed at preventing a bankrupt depleting his estate just preceding his bankruptcy either by improvidence or by action intended to defeat creditors or favor friends. As we read the statute in the light of its purpose, we think that the voidable transfer provisions were never intended to apply to this case. Here, Gray-Twin City, having accomplished the object of the loan in obtaining a performance bond, repaid the loan. There was no improvidence as in making a transfer with grossly unfair consideration, and no constructive or actual intention to defeat creditors or favor friends." *Id.* at 830–31.

In *Mayo* the transfer in question, as is the case here, was from a corporate debtor in bankruptcy to a defendant bank in payment of the personal note of the debtor's dominant stockholder, where the benefit of payment inured immediately to the corporate debtor.

*Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 991 (2nd Cir.1981) follows *Mayo* in considering the indirect benefit to the debtor from a three-sided transaction when applying the bankruptcy fraud provisions. I am aware of no decision which fails to do so.

But, once again, there is more to this story. There were a number of transactions among the three parties—the debtor, Duque and the bank—both before and after the transactions noted above. They finally ended when both the debtor and

Duque filed for bankruptcy three months after the transfer in question here. At that time, without question the debtor had received substantially less than had been taken from it. The trustee plaintiff estimates over $1 million less. It cannot be said here, therefore, as it can in every other indirect benefit case, that the debtor's creditors have suffered no loss. This is a vital distinction, because the indirect benefit cases are bottomed upon the ultimate impact to the debtor's creditors.

I conclude, that *Mayo* and the other indirect benefit cases are inapplicable here. The simple facts are that "the debtor received less than a reasonably equivalent value in exchange for" the transfer in question and the defendant bank, although it acted in good faith, gave no "value to the debtor in exchange for such transfer". § 548(a)(2)(A) and § 548(c).

The foregoing conclusion is decisive here, because defendant's only other defense to Count 1—the constructive fraud count under § 548(a)(2)—is that the plaintiff has not proved that the debtor was insolvent on the date of the transfer. However, I find that on that day, February 18, 1983, the debtor's liabilities exceeded its assets by at least $26 million. *Haynes & Hubbard, Inc. v. Stewart,* 387 F.2d 906, 907 (5th Cir.1967); *Hassan v. Middlesex County National Bank,* 333 F.2d 838, 840 (1st Cir.), *cert. denied,* 379 U.S. 932, 85 S.Ct. 332, 13 L.Ed.2d 344 (1964).

Plaintiff's alternative Count 2—the actual fraud count under § 548(a)(1)—requires proof that:

"the debtor (1) made such transfer ... with actual intent to hinder, delay, or defraud"

any of its creditors. There is no direct proof of the corporate debtor's intent in making the transfer, nor is there any direct evidence of the intent of Duque, its dominant officer. He has invoked the Fifth Amendment. However, the requisite intent may be inferred from the circumstances. I do so here. The extensive and often circuitous movement of funds among the

several entities controlled by Duque, to his personal benefit and in this instance to the benefit of a Colombian relative, and to the injury of this debtor, coupled with the facts that the records of these transactions are in general disarray and no exculpatory explanation has been offered, convince me that Duque actually intended to hinder, delay and defraud this debtor's creditors. Since Duque controlled this debtor and orchestrated these transactions, his intent was the corporate intent. I conclude, therefore, that the plaintiff has also carried his burden of establishing actual fraud.

It should again be emphasized that there is no suggestion that the defendant bank acted other than in complete good faith. It did not ultimately benefit from its dealings with Duque and is a very substantial creditor in these related bankruptcies. However, § 548(a)(1) does not require any proof that the transferee did more than receive the transfer, unless the transferee can prove that it "gave value to the debtor in exchange for such transfer". § 548(c). As has already been noted, defendant gave no value to the debtor, not even through an indirect benefit.

As is required by B.R. 9021(a), a separate judgment will be entered for the plaintiff and against the defendant in the amount of $509,041. Costs may be taxed on motion.