**In re COLOMBIAN COFFEE CO.,
INC., Debtor.**

**Lawrence R. METSCH, as Trustee for
the Estate of Colombian Coffee Co.,
Inc., Plaintiff,**

v.

**REPUBLIC NATIONAL BANK OF
MIAMI, et al., Defendants.**

**Bankruptcy No. 83-00904-BKC-TCB.
Adv. No. 86-0304-BKC-TCB-A.**

United States Bankruptcy Court,
S.D. Florida.

June 17, 1986.

See also, Bkrtcy., 62 B.R. 542, Bkrtcy., 64 B.R. 585.

Paul M. Kade, Miami, Fla., for plaintiff.

Saturnino E. Lucio, II, & Gary R. Jones, Hornsby & Whisenand, and Ronald G. Neiwirth, Sherman & Fischman, Miami, Fla., for defendant Nordberg.

Stanley Arthur Beiley, Paul, Landy, Beiley & Harper, P.A., Miami, Fla., for defendant Republic.

Jeffrey B. Lathe, Blackwell, Walker, Fascell & Hoehl, Miami, Fla., for Murphy.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee for Colombian Coffee Company (CCC) seeks avoidance under 11 U.S.C. § 548(a)(2) of three unrelated transfers and recovery under § 550(a) of those transfers from two defendants, Republic and Nordberg. A third defendant, trustee Murphy, was later joined. He has disclaimed any interest and no relief is sought from him. Defendants have answered and the matter was tried on June 5.

Each of the three transfers is the subject of a separate count. At trial I dismissed counts 2 and 3. I now conclude that plaintiff has also failed to prove count 1.

### Counts 2 and 3

■ Count 2 involves a wire transfer on January 4, 1983 of $747,000 from the debtor to the defendant Republic National Bank for the account of a third party, Duque. The money was immediately credited to Duque's account and was soon disbursed by him.

Assuming, as plaintiff has alleged, that the transfer is avoidable as constructively fraudulent under § 548(a)(2), plaintiff seeks recovery from the bank under § 550(a)(1) as either:

the initial transferee of such transfer or the entity for whose benefit such transfer was made.

Plaintiff has acknowledged in his complaint that this transfer was "not applied to reduce Mr. Duque's indebtedness to RNB". I have rejected plaintiff's theory of recovery in a similar action against another bank for another transfer upon the ground that the bank served as a mere commercial conduit and, therefore, not as a "transferee" for the purposes of § 550(a). *Metsch v. First Alabama Bank of Mobile, N.A.*, 59 B.R. 643, (Bankr.S.D.Fla.1986). The facts here are not materially different. No purpose would be served by repeating that analysis.

Count 3 differs from count 2 only in the date, March 2, 1983, and the amount, $400,-000 of the wire transfer.

### Count 1

Count 1 involves a February 17, 1983 wire transfer of $787,000 from the debtor's account in a Miami bank to General Coffee Corporation's account in a Mobile bank. General Coffee is another debtor in this court owned and controlled by an individual (Duque) who was a minority shareholder in this debtor. The two companies did business with one another. General Coffee later changed its name to Chase & Sanborn. I shall refer to it as GCC–C & S.

Plaintiff prays avoidance of only part of this transfer ($509,041) as constructively fraudulent under § 548(a)(2). He focuses on the lesser amount because GCC–C & S, *not* CCC, later transferred the lesser amount from its Mobile account to the defendant Republic National Bank to satisfy a note owed by Duque to Republic.

Plaintiff alleges that CCC intended, when it wired $747,000 to GCC–C & S, that $509,-041 of that sum be paid to Republic on behalf of Duque and, therefore, that Republic was:

the initial transferee of such transfer or the entity for whose benefit such transfer was made

under § 550 and, therefore, that the lesser sum is recoverable from Republic.

Last year Nordberg, the liquidating trustee for GCC–C & S, avoided the $509,-041 transfer from that debtor to Republic and obtained judgment against Republic. *Nordberg v. Republic National Bank of Miami*, 51 B.R. 739 (Bankr.S.D.Fla.1985). Recognizing this fact, plaintiff has joined Nordberg in this action, alleging that (a) the $747,000 transferred February 17, 1983 by wire from CCC to GCC–C & S "at no time became an interest of General Coffee Corporation in property" or, alternatively, (b) that Nordberg "does not possess the statutory avoiding powers of a Trustee in Bankruptcy" and, therefore, "he does not have a valid claim under 11 U.S.C. § 548 to the ... $509,041." (C.P. No. 1, ¶ 14).

Plaintiff fails to reach either target for a number of reasons. Time constraints suggest that this discussion be limited to three with respect to each defendant.

■ To recover from either defendant, plaintiff must prove that CCC was insolvent on February 17, 1983 when its transfer to GCC–C & S occurred, § 548(a)(2)(B)(i), or became insolvent as a result of the transfer. It has failed to carry this burden. Its only proof is the testimony of an independent C.P.A. employed by the CCC creditors' committee several years after the fact. Assuming that he has in fact expressed an opinion as to the debtor's solvency (which is not at all clear), he admits that to an essential degree he has relied upon (a) another expert's opinion and (b) a finding by this court in another adversary proceeding which involved neither the plaintiff nor the defendant Republic.

In *American Key Corp. v. Cole National Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985), the court said:

Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not.... An expert's opinion that lacks any credible support does not create an issue of fact. (citations omitted).

This rule appears solidly established at least in federal practice. The court's rul-

ing is, I believe, equally applicable to a court's finding in litigation not binding on the present parties. The testimony of plaintiff's expert did not prove the debtor's insolvency.

■ Both defendants have pleaded estoppel based upon the Nordberg prior action and judgment against Republic to avoid and recover the same disbursement plaintiff seeks judgment for in this action. Plaintiff was then special counsel for CCC. At his instance, his firm monitored that trial and subsequent developments which included a district court affirmance and a negotiated settlement. Neither he nor anyone else ever asserted or indicated any claim until Nordberg and Republic were ready to consummate their negotiated settlement. Each of these parties has changed its position, at least to the extent of the litigation expenses each has incurred, in reasonable reliance upon this debtor's apparent acquiescence and I find plaintiff estopped or barred by his laches with respect to his claim against each defendant.

To recover from Republic, plaintiff had also to prove that Republic was the initial transferee or the entity for whose benefit such transfer was made. There is no direct evidence that this was the case. The circumstances do not support the inference I am asked to draw. I find that plaintiff has failed to prove this essential element.

With respect to plaintiff's two alternative predicates for recovery from Nordberg, which has been summarized above, I find that all of the $747,000 wired from the debtor to GCC–C & S on February 17, 1983 (the transfer at issue here) was intended to and did become the property of GCC–C & S that day and fell completely under that entity's control.

■ I also find that CCC and, therefore, plaintiff is barred or estopped by the judgment in *Nordberg v. Nabisco Brands, Inc., et al.*, 55 B.R. 541 (Bankr.S.D.Fla.1985) to challenge Nordberg's legal capacity or authority to maintain an action to avoid a transfer under the bankruptcy code and to

recover that transfer for the estate he represents. CCC was a party to that action, raised and litigated this issue, and lost. The judgment has become final.

As I have already suggested, failure to discuss the other defenses does not indicate they lack merit.

Defendants are entitled to judgment dismissing this complaint with prejudice.

### Nordberg's Claim for Interest and Fees

Nordberg has alleged that plaintiff "intentionally interfered with the amicable settlement" negotiated by him and Republic. He seeks damages in the form of interest and attorneys' fees under State law, which recognizes an action for deliberate interference with the contractual relations of others. I find the issue a close one, but am not convinced plaintiff's interference was so deliberate and so completely without plausible justification as to subject this attorney to damages. Nordberg's claim is denied.

Costs may be taxed on motion.