In re COLOMBIAN COFFEE CO., INC., Debtor.

Lawrence R. METSCH, as Trustee for the Estate of Colombian Coffee Co., Inc., Plaintiff,

v.

ARAB BANKING CORPORATION and Paul C. Nordberg, As Creditor Trustee for the Estate of Chase & Sanborn Corporation, f/k/a General Coffee Corp., Defendants.

Bankruptcy No. 83–0904–BKC–TCB. Adv. No. 86–0305–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

June 27, 1986.

der § 550(a)(1). Each transfer is the subject of a separate count.

The defendant Nordberg, trustee of a related bankruptcy estate, was added by plaintiff to foreclose any claim of Nordberg to the recovery plaintiff attempts in this action.

A seventh count praying avoidance under § 548(a)(2) of a 1982 $22 million loan guarantee made by CCC to ABC was filed at the trial.

ABC and Nordberg have answered and Nordberg has cross-claimed under § 548(a) against ABC in the amount of over $7.6 million on account of ten transfers to ABC from the estate administered by Nordberg, General Coffee Corporation now known as Chase & Sanborn (GCC–C & S).

The matter was tried on June 5. At trial I dismissed the Nordberg cross-claim without prejudice to the assertion of those claims in a separate action. I now conclude that plaintiff is not entitled to any relief against ABC. This moots plaintiff's claim against Nordberg.

### The Essential Element of Insolvency

 Although plaintiff's complaint does not explicitly rest upon § 548(a)(2), there are no allegations and there is no evidence of actual fraud, the basis of relief under § 548(a)(1) which is the only other cause of action contained in § 548(a). To avoid as constructively fraudulent under § 548(a)(2) the seven transfers which are at issue here, plaintiff must prove that CCC:

was insolvent on the date that such transfer was made ... or became insolvent as a result of such transfer. § 548(a)(2)(B)(i).

The transfers occurred between June 1, 1982 and March 9, 1983. CCC's chapter 11 bankruptcy petition was filed May 19, 1983. I find that plaintiff has failed to prove CCC's insolvency on any of the relevant dates.

Plaintiff's only proof of insolvency is the testimony of an independent C.P.A. employed by the CCC creditors' committee several years after the fact. Assuming that he has in fact expressed an opinion as

Lydia A. Fernandez, Hauser & Metsch, P.A., Miami, Fla., for plaintiff.

Ronald G. Neiwirth, Sherman & Fischman, Miami, Fla., for defendant Nordberg.

Alan G. Greer, Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, Fla., for defendant Arab Banking.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee for Colombian Coffee Company (CCC) seeks avoidance under 11 U.S.C. § 548(a)(2)—constructive fraud—of six transfers made in 1982 and 1983 which total over $4.6 million. He asks recovery from Arab Banking Corporation (ABC) un-

to the debtor's solvency (which is not at all clear), he admits that to an essential degree he has relied upon (a) another expert's opinion and (b) a finding by this court in two other adversary proceedings in which the defendant ABC was not a party.

Plaintiff's expert admitted he never completed an audit of CCC and refused to "opine" as to its solvency because he had never completed an audit. He admitted that he relied "exclusively" on the testimony of another expert, Hershey, whose testimony he had heard on May 30, 1986, but never reviewed the predicate for that expert's opinion.

In *American Key Corp. v. Cole National Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985), the court said:

> Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not.... An expert's opinion that lacks any credible support does not create an issue of fact. (citations omitted).

This rule appears solidly established at least in federal practice. The court's ruling is, I believe, equally applicable to a court's finding in litigation not binding on the defendant from whom recovery is sought.

Neither of the two decisions identified by plaintiff's expert as predicates for his testimony contains any finding of CCC's insolvency at any time. *Nordberg v. Republic National Bank of Miami (In re Chase & Sanborn Corp.)*, 51 B.R. 739 (Bankr.S.D. Fla.1985); *Nordberg v. Murphy and Colombian Coffee Co. (In re Chase & Sanborn Corp.)*, 55 B.R. 451 (Bankr.S.D.Fla. 1985). If he intended to refer to another case (I believe I have tried over 60 in these related bankruptcies), ABC was not a party.

### Counts 1, 2 and 3

█ Counts 1, 2 and 3 involve wire transfers totaling $2.9 million from CCC to the account of GCC–C & S at a bank in Mobile. Plaintiff's basis for recovery under § 550(a)(1) from ABC is that ABC was:

the initial transferee of such transfer or the entity for whose benefit such transfer was made

based upon the fact that in each instance at or before the date of the wire transfer GCC–C & S had issued checks on its Mobile account to ABC (count 1) or to an individual (counts 2 & 3) who endorsed the checks to ABC.

It is plaintiff's theory that from these circumstances one must find that ABC was the entity for whose benefit each transfer was made or, alternatively, that because the funds were in the account of GCC–C & S for only a few hours, one must find that GCC–C & S was not the initial transferee of such transfers.

I reject both contentions. There is no documentary or oral evidence that CCC directed or restricted its transfers to any entity other than GCC–C & S. When the transfer reached Mobile and was credited to the account of GCC–C & S it became the property of that entity under the latter's absolute control. The transfer was complete. The evidence before me does not support a finding that ABC was either the initial transferee nor the entity which CCC intended to benefit by its transfer to GCC–C & S. The fact that ABC in fact ultimately benefited from each of these three transfers does not establish that it was the entity for whose benefit the transfers were made.

Eight months ago, the defendant Nordberg as the liquidating trustee for the estate of GCC–C & S obtained a judgment against the present plaintiff subordinating under § 510(c)(1) the claim of this plaintiff to the claims of the unaffiliated creditors of GCC–C & S. *Nordberg v. Murphy and Colombian Coffee Corp. (In re Chase & Sanborn Corp.) supra.* The plaintiff's claim included the claim now asserted in counts 1, 2 and 3. The unaffiliated claims presently exceed the available assets of GCC–C & S. For this additional reason, therefore, plaintiff's requested relief with respect to these three transfers must be denied.

### Count 6

Count 6 involves a November 1982 check for $500,000 from CCC to Duque, a related chapter 7 debtor. The check was used by Duque to eliminate his then existing overdraft in the amount of $427,122 owed to ABC. I find that Duque was the initial transferee and entity for whose benefit the transfer was made. I reject plaintiff's argument that ABC was either the initial transferee or intended beneficiary.

### Counts 4 and 5

Counts 4 and 5 stem from transfers made respectively in January and March 1983 directly from CCC to ABC in the total amount of $1,260,222. ABC was, therefore, the initial transferee for the purposes of § 550(a)(1) with respect to both transfers. Both payments were credited toward a $22 million loan previously made by ABC to Duque. CCC had guaranteed payment of the loan. Defendants argue, therefore, that CCC received "reasonably equivalent value" for the purposes of § 548(a)(2)(A) and that ABC accepted these transfers "for value and in good faith" and "gave value" equal to these transfers for the purposes of § 548(c).

I agree with defendants that the reduction of CCC's guaranteed obligation to ABC gave CCC reasonably equivalent value for these transfers. For this additional reason, therefore, plaintiff is entitled to no relief with respect to these two counts.

### Count 7

Count 7 is an effort by plaintiff to overcome the effect of CCC's guarantee which has been in existence four years. The filing at trial of an additional count praying avoidance of a guarantee comes too late to overcome plaintiff's failure to prove an essential element of its case.

Plaintiff's excuse is that he first saw the written guarantee the day before trial, although he knew of it at least a month earlier during the May 2 oral examination of ABC. Although plaintiff assumes otherwise, it is not defendant's burden to prove it gave reasonably equivalent value for the transfer attacked by plaintiff. It is plain-tiff's burden under § 548(a)(2)(A) to negative consideration. It has failed to do so and it has failed to convince me it should have another trial to attempt to do so. The motion to amend to add count 7 is denied.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing with prejudice the complaint as previously amended. Nordberg's cross-claim against ABC is also dismissed, but without prejudice. Costs may be taxed on motion.