SIMPSON v. VAN ETTEN.

SAME v. DEPUE.

(Circuit Court, E. D. Pennsylvania. May 9, 1901.)

Nos. 27, 36.

BANKRUPTCY—EXECUTION SALES—ACTION TO SET ASIDE.

In a suit by a trustee in bankruptcy to recover from certain judgment creditors of the bankrupt moneys received on the judgments by levy and sales made within four months of the adjudication in bankruptcy, judgment will be entered for defendants, where in the case stated it is not alleged that, at the time the liens under the writs of scire facias were obtained, the execution debtors were insolvent, under Bankr. Act 1898, § 67, cl. "f," providing that levies obtained through "legal proceedings against a person who is insolvent" at any time within four months prior to the filing of petition shall be deemed null and void on an adjudication in bankruptcy.

Edward J. Fox, for plaintiff.

W. S. Kirkpatrick, for defendants.

DALLAS, Circuit Judge. Lester T. Smith and William Dusenberry, co-partners, were on March 21, 1899, upon the petition of certain of their creditors, adjudged to be bankrupts by the district court of the United States for the district of New Jersey. On April 14, 1899, Ora C. Simpson, plaintiff in these cases, was appointed, and he now is, trustee of the said bankrupts. On December 21, 1897, John and James P. Van Etten, the defendants in one of the present suits, filed in the prothonotary's office of a Pennsylvania court a judgment note of Smith & Dusenberry, dated December 20, 1897, for the sum of $600. No execution, however, was issued upon the judgment which was entered thereon until January 14, 1899, when a fieri facias was levied upon personal property. The sheriff's sale in pursuance of this writ occurred on the 21st and 23d of January, 1899, and, of the amount realized from that sale, $639 was paid to the said John and James P. Van Etten in satisfaction of their judgment. On January 14, 1899, Mary J. Depue, defendant in the other of these cases, caused a similar judgment to be entered against Smith & Dusenberry on a judgment note dated March 12, 1898, and on the same day upon which that judgment was entered a writ of fieri facias was issued thereon. In his return to this latter writ the sheriff referred to the return in the case of John and James P. Van Etten, and out of the proceeds of the sale of personal property heretofore mentioned the sheriff paid $543.70 to Mary J. Depue. The plaintiff, as trustee, seeks to recover in the actions now under consideration the sums of money paid as has been stated to the respective defendants, and he bases his claim to do so upon the contention that inasmuch as the sheriff did not make any levy until the 14th of January, 1899, which was within the period of four months prior to the adjudication of bankruptcy, all the proceedings under the levies were null and void, and that consequently the fund realized belongs to the trustee for the creditors of the bankrupts. To support this contention the learned counsel for the plaintiffs has relied exclusively upon section 67, cl. "f," of the bankruptcy act of 1898, and therefore that clause alone need be considered. It is as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

This paragraph, it will be observed, applies only to cases where liens have been obtained "through legal proceedings against a person who is insolvent," and this limitation is one which cannot be disregarded. As is said by Mr. Collier in his work on Bankruptcy (3d Ed., p. 434):

"Not all liens obtained against one afterwards and within four months adjudged bankrupt are deemed null and void. It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. It is evident a lien might be obtained against one who is adjudged bankrupt within four months thereafter, but who was not insolvent at the time the lien was obtained. The act of bankruptcy and the insolvency might have occurred at some period subsequent to the creation of the lien. If so, the adjudication of bankruptcy would in no way determine whether or not the party was insolvent at the time the lien was created."

The correctness of this view of the effect of clause "f" is, I think, unquestionable, and it is fatal to the claims here presented. In each of the actions the parties have agreed upon a case stated in the nature of a special verdict, and neither of these statements includes the essential fact that, at the time the liens under the writs of fieri facias were obtained, the execution debtors were insolvent. This point being determinative, the consideration of any other question is unnecessary. It follows from what has been said that judgments should be entered for the respective defendants in each of these cases, and therefore it is so ordered.