# LIBERTY NATIONAL BANK OF ROANOKE, VIRGINIA, *v.* BEAR, TRUSTEE IN BANKRUPTCY OF THE ESTATES OF W. L. BECKER, SR., AND W. L. BECKER, JR., PARTNERS, ETC.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 238.  Argued April 25, 1924.—Decided May 26, 1924.

1. To invalidate the lien of a judgment under § 67f of the Bankruptcy Act, he who challenges it must show not only that the judgment was recovered within four months prior to the filing of the petition in bankruptcy, but also, by pleading and proof, that the judgment debtor was insolvent when the lien was obtained.  P. 368.
2. Assuming (but not deciding) that an adjudication of the bankruptcy of a partnership necessarily adjudges the partners, as individuals, bankrupt, it raises no presumption that they were insolvent for any period before the petition in bankruptcy was filed.  P. 370.
3. Nor does the fact that sales of the property of the partnership and partners, made some months later by the trustee in bankruptcy, did not realize enough to pay for the partnership or individual debts, establish that the partners were insolvent at a time anterior to the filing of the bankruptcy petition.  *Id.*

285 Fed. 703, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals which reversed a decree of the District Court allowing the claims of the above named bank, as secured claims, in bankruptcy.

*Mr. James D. Johnston* for petitioner.

*Mr. Harvey B. Apperson* and *Mr. James A. Bear,* with whom *Mr. G. A. Wingfield* was on the brief, for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case, which arises in proceedings in bankruptcy, involves claims by a judgment creditor to liens upon the real estate of the bankrupts.

On July 20, 1920, the Liberty National Bank recovered a judgment in a Virginia court against the Roanoke Provision Co., a partnership composed of the two Beckers, and against the Beckers individually. This judgment—which was duly docketed in the Judgment Lien Book and on which execution was issued—was under the laws of Virginia a lien upon the real estate of the judgment debtors. Code of 1919, § 6470.

Thereafter, on August 6, an involuntary petition in bankruptcy was filed in the Federal District Court against the Company, as a partnership composed of the two Beckers, alleging that it had committed an act of bankruptcy on August 4 by executing a general assignment for the benefit of creditors, and that it was insolvent. There was no allegation that the Beckers were individually insolvent or had committed acts of bankruptcy; and no prayer that they be adjudged bankrupt individually. They filed a joint answer admitting the allegations of the petition. On August 20, the Company, as a partnership composed of the two Beckers, was adjudged bankrupt by the District Judge; but they were not adjudged bankrupt as individuals. Thereafter, pursuant to an order of the referee, the Company and the Beckers filed schedules of their respective assets and liabilities.

In April, 1921—more than nine months after the recovery of the judgment—the Beckers filed separate voluntary petitions in bankruptcy; and each was adjudged bankrupt as an individual. Bear, the trustee in the partnership proceeding, was appointed trustee of their individual estates.

Thereafter the Bank filed proofs of claim on its judgment against the separate estates of the Beckers, alleging that it constituted a lien upon their individual real estate and was entitled to priority as such. The trustee filed objections to the allowance of these prior claims, on the ground, among others, that by virtue of the proceedings against the Company he had been vested with title to the property of the individual partners as well as that of the partnership, as of the date of the filing of the petition in bankruptcy against the partnership, and that as the judgment against the individual partners had been recovered within four months prior to the filing of that petition, it could not, under the provisions of the Bankruptcy Act, be enforced as a lien upon their separate estates. He did not aver, however, that either the Company or the Beckers were insolvent at the time the judgment was recovered.

The referee, holding that the liens created by the judgment upon the separate properties of the Beckers had been " annulled " by the proceedings under the petition against the partnership, disallowed the claims of the Bank as secured claims and allowed them as unsecured claims merely.[1] This order of the referee was reversed by the District Judge, on the ground that as the order of adjudication had merely adjudged the bankruptcy of the Company, and not the bankruptcy of the Beckers individually, the lien of the judgment upon their separate estates had not been " nullified." The trustee was thereupon granted an appeal to the Circuit Court of Appeals. The Bank moved to dismiss this appeal upon the ground, among others, that the trustee had not alleged, either in his objections to the allowance of its claims or elsewhere, that the Beckers were insolvent at the time the judgment was

---

[1] The referee at the same time disallowed another claim of the Bank to a lien upon the real estate of the partnership; but no steps were taken by the Bank to review his order in this respect.

recovered, nor had such insolvency been proven; and that allegation and proof of their insolvency at the time the lien of the judgment attached was " absolutely essential." The Circuit Court of Appeals—without ruling on this motion—reversed the decree of the District Court upon the ground that the " adjudication of the partnership was necessarily an adjudication of the bankruptcy of the individuals composing it, and that . . . the lien of a judgment obtained within four months of the filing of the petition against the partnership was lost by the adjudication." 285 Fed. 703. This decision was apparently based upon § 67f of the Bankruptcy Act,—upon which the trustee had relied at the hearing before the referee[2]—although no reference to it is made in the opinion; it being evidently assumed by the court that under that section a judgment lien obtained within four months prior to the filing of a petition in bankruptcy is dissolved by the subsequent adjudication of the bankruptcy of the judgment debtor, without reference to his solvency or insolvency at the time the lien was obtained.[3] This writ of certiorari was then granted. 261 U. S. 612.

Upon the question whether the adjudication of the bankruptcy of a partnership involves an adjudication of the bankruptcy of the individual partners, there appears to have been a diversity of opinion in the lower federal courts. The decision in *Francis* v. *McNeal,* 228 U. S. 695, upon which the Circuit Court of Appeals chiefly relied, did not involve a determination of this direct question. And we do not find it necessary to determine it now; since, even if the adjudication of the bankruptcy

[2] This appears from a statement in the opinion of the referee.

[3] The Court said: " The insolvency of the partnership at the date of the judgment seems to have been assumed in the court below. At any rate, no issue of solvency or insolvency at the date of the judgment appears to have been made. We express no opinion as to the existence of such insolvency or its effect." (p. 706.)

of the Company operated as an adjudication of the bankruptcy of the Beckers individually—which we do not intimate—nevertheless, in the absence of either pleading or proof as to their insolvency when the Bank recovered its judgment, there is no ground under § 67f of the act for annulling the lien thereby acquired upon their property.[4]

This section provides: " That all levies, judgments, attachments, or other liens, obtained through legal proceedings against *a person who is insolvent,* at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt. . . ." It applies only to liens obtained in legal proceedings against a person who was " insolvent " when the lien was acquired. If the debtor was then solvent the lien is not invalidated although it was obtained within four months prior to the filing of the petition in bankruptcy. *Taubel-Scott-Kitzmiller Co.* v. *Fox,* 264 U. S. 426. To invalidate the lien the person challenging it must show that the debtor was insolvent when it was obtained. *Stone-Ordean-Wells Co.* v. *Mark* (C. C. A.), 227 Fed. 975, 978; *Martin* v. *Oliver* (C. C. A.), 260 Fed. 89, 93; *Simpson* v. *VanEtten* (C. C.), 108 Fed. 199, 201; *Keystone Brew'g Co.* v. *Schermer,* 241 Pa. St. 361, 365; *Jackson* v. *Valley Tie Co.,* 108 Va. 714, 718; *Newberry Shoe Co.* v. *Collier,* 111 Va. 288, 290; *Severin* v. *Robinson,* 27 Ind. App. 55, 61. And see *Re Richards* (C. C. A.), 96 Fed. 935; *Re Chappell* (D. C.), 113 Fed. 545; *Re Community Stores* (D. C.), 282 Fed. 328. Such

---

[4] There is neither averment nor proof bringing the case within § 67c or any other provision of the act relating to the annulment of prior liens.

insolvency must be both alleged and proved. *Stone-Ordean-Wells Co.* v. *Mark, supra,* p. 978.

In the present case the trustee neither alleged the insolvency of the Beckers at the time the judgment was recovered and became a lien on their properties, nor proved such insolvency. If the admission in their joint answer to the petition filed against the partnership that the Company was insolvent, was intended as an admission of their individual insolvency, it was, at the most, an admission of such insolvency on August 6, when the petition in bankruptcy was filed,[5]—a very different thing from insolvency at the time the judgment was recovered—and, in any event, would not have been binding on the Bank, which was not then a party to the bankruptcy proceeding. So, if the adjudication of the partnership as a bankrupt can be regarded as adjudging the insolvency of the individual partners at the date the petition in bankruptcy was filed—which we do not determine—such an adjudication, for like reason, would not be binding upon the Bank. *Gratiot State Bank* v. *Johnson,* 249 U. S. 246. And, generally, an adjudication in bankruptcy in no way determines whether or not the debtor was insolvent at the time a lien was obtained through legal proceedings against him; there being no presumption arising from the adjudication that he was insolvent for any period before the petition in bankruptcy was filed. *Keystone Brew'g Co.* v. *Schermer, supra,* p. 365; *Jackson* v. *Valley Tie Co., supra,* p. 719; *Newberry Shoe Co.* v. *Collier, supra,* p. 291. Nor does the fact that the sales of the partnership and individual properties made some months later by the trustee did

---

[5] The act of bankruptcy alleged, namely, the making of a general assignment on August 4, did not involve a question of the insolvency of the partnership at that date; the making of a general assignment being an act of bankruptcy without reference to the solvency or insolvency of the debtor. Bankruptcy Act, § 3a(4).

not realize enough to pay either the debts of the partner-
ship or the debts of the individual partners, respectively,
establish the insolvency of the partners at the time the
lien was obtained.

There being neither allegation nor proof by the trustee
of the insolvency of the Beckers when the Bank recov-
ered its judgment and fastened its liens upon their real
estate, the decree of the Circuit Court of Appeals is re-
versed and the cause remanded to the District Court
for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*