SERGIO RAMÍREZ, JR., Trustee in Bankruptcy of CRUZ VÁZQUEZ, Plaintiff and Appellant, *v.* JULIO PERALES, Defendant and Appellee.

No. 3751. Argued January 12, 1926.—Decided March 8, 1926.

*González Fagundo & González Jr.*, for the appellant. *Pereyó Quiñones & Pereyó, Jr.*, for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

It is conclusively settled that in order to set aside a preference obtained against a debtor adjudged to be a bankrupt under the National Bankruptcy Act it must be alleged and proved that the debtor was insolvent at the time of the accruing of the said preference. The question involved in this case is whether the insolvency of a particular debtor at the time of the alleged preference was sufficiently shown.

Julio Perales, on the 17th of September, 1923, in the Municipal Court of Humacao, filed a suit against Cruz Vázquez for the recovery of $300 evidenced in the form of a promissory note. On the same day all the property of the debtor in a certain establishment was attached. The property was sold on the 19th of September, 1923, and netted the sum of $511.82. This suit was definitely determined by judgment, execution was issued on the 5th of October, 1923, and the sum of $303.37 for principal and costs was turned over to the said Julio Perales.

On October 18, 1923, and hence well within the time wherein preference may be set aside under the Bankruptcy Act, creditors presented a petition in involuntary bankruptcy against Cruz Vázquez. The ground of the petition as substantially alleged was that the said Cruz Vázquez, being insolvent, had permitted his creditors A. Pérez & Bro. and Julio Perales of Humacao to obtain preferences over his other creditors by means of an attachment and execution against some of his goods without having sought to have such preference set aside. On November 13, 1923, Cruz Vázquez was declared a bankrupt and Sergio Ramírez, Jr., was named trustee and he was authorized by the referee in bankruptcy to bring this action.

To a complaint filed by the said trustee to set aside the said preference the defendant Julio Perales answered that

at the time of the signing of the promissory note the said Cruz Vázquez was solvent and continued to be so until the filing of the complaint against him. At the trial the complainant trustee admitted the truth of this averment of the answer and this admission constitutes perhaps the principal difficulty in this case.

The municipal court, in a careful opinion, rendered judgment against the complainant trustee and this judgment on appeal was affirmed by the District Court of Humacao. The appellant maintains that by reason of the adjudication of bankruptcy on the ground of the particular creditor having obtained a preference when the bankrupt was insolvent, the insolvency is conclusively presumed and appellant relies principally on the decision of this court in *Arbona Bros.* v. *Pabón & Ramírez,* 23 P.R.R. 628. This case held that if an adjudication involved an act of bankruptcy on the part of the debtor when insolvency was also an element, the adjudication bound all the creditors as to the fact of such insolvency, but that otherwise the insolvency must be proved. In the said case it was decided that the insolvency had not been sufficiently alleged or proved.

Before proceeding to discuss this case or the other authorities, it is well to note that the said case of *Arbona Bros.* v. *Pabón & Ramírez, supra,* contains a misstatement of the state of the law. The misstatement does not affect the decision in the case before us, nor would it have affected the decision in the case of Arbona Bros. We said there that under section 3 of the Bankruptcy Act insolvency was the prerequisite for the first three acts of bankruptcy, but it was not a prerequisite for the fourth and fifth. In point of fact, insolvency is not a prerequisite for the first act of bankruptcy, namely, having "conveyed, transferred, concealed, etc., any part of his property with intent to hinder, delay or defraud creditors." The mistake cannot possibly affect the instant case because the act of bankruptcy alleged

against Cruz Vázquez in this case was under No. 3 of the acts of bankruptcy which is literally as follows:

". . . suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

The courts of Humacao held that the insolvency of the bankrupt was not sufficiently proved, and in effect that the complainant trustee had admitted that the bankrupt was solvent at the date of the lien obtained by the attachment. The theory of both courts below apparently was that the insolvency of a bankrupt at the time of the arising of a preference must be proved independently of the adjudication in bankruptcy. They rely on various decisions of the state courts and of the Supreme Court of the United States.

It was held, for example, in *Taubel-Scott-Kitzmiller Co., Inc.,* v. *Fox et al.,* 264 U. S. 426, that section 67*f* of the Bankruptcy Act does not invalidate a lien obtained by levy of an execution within the four months preceding the filing of a petition in bankruptcy on which the judgment debtor is adjudged a bankrupt, if the debtor was in fact solvent when the levy was made. In that case, however, the alleged bankrupt filed a voluntary petition in bankruptcy which of course neither admits nor denies insolvency at any previous date and hence under section 67*f* it was necessary to prove independently that the bankrupt was insolvent at the time of the alleged preference. Similarly, in *Liberty National Bank* v. *Bear,* 265 U. S. 365, the ground for obtaining an adjudication was that the bankrupt had committed an act of bankruptcy by executing a general assignment for the benefit of creditors. This is the fourth act of bankruptcy and, as we showed in *Arbona Bros.* v. *Pabón & Ramírez, supra,* did not presuppose insolvency. Neither of these decisions excludes the idea that the insolvency of the bankrupt may not be conclusively presumed when he has been adjudged a bankrupt by virtue

of one of the acts wherein insolvency is a necessary element for the adjudication.

■ If Vázquez was not insolvent when he suffered or permitted Perales to obtain a preference by attachment, then he did not commit an act of bankruptcy and the District Court of the United States would have been without jurisdiction. In the present case the adjudication was exclusively on the ground that Vázquez, while insolvent, had suffered a preference without having set it aside. This is the effect of our decision in *Arbona Bros.* v. *Pabón & Ramírez,* as shown by the cited cases and especially the case of *Cook* v. *Robinson,* 194 Fed. 785. In other words, that the adjudication is *res adjudicata,* as to all questions necessarily determined and is binding on all creditors. Otherwise, as said therein, any creditor who obtained a preference where the bankrupt was insolvent might require the trustee in each case separately to prove the insolvency.

■ Here, however, the trustee admitted that Vázquez was solvent at the time he made the promissory note and up to the time of the filing of the suit by Perales against him. The effect of this admission, we think, is in absolute conflict with the adjudication and must be understood and interpreted restrictively. The very title and authority of the trustee depended upon the bankrupt being insolvent and no admission of his could destroy this primordial fact. Whether the attachment against Cruz Vázquez made him a bankrupt or whether he became bankrupt thereafter, or before the property was sold, the fact remains that the adjudication in bankruptcy found him to be insolvent while the attachment proceedings were pending and put him in a position of not having set them aside when he was so insolvent.

The District Court of Humacao also partially based its decision upon the provision of section 67*f* which protects *bona fide* purchasers for value who have acquired the same

without notice or reasonable cause for inquiry. The suit in this case, however, is not to recover the specific property in the hands of an innocent purchaser. The suit simply seeks to make Perales pay over the sum of $303.37, etc., which he obtained by reason of the said attachment.

The judgment must be reversed and another rendered for the complainant.