## In re O'NEAL FURNITURE CO.
### No. 1186.

District Court, E. D. Texas, Beaumont Division.

April 6, 1933.

A. Ludlow Calhoun and David C. Marcus, both of Beaumont, Tex., for petitioner M. Greenspan.

Sonfield & Sonfield, of Beaumont, Tex., for trustee in bankruptcy.

KENNERLY, District Judge.

This is a hearing in this cause of two petitions for review by a creditor, M. Greenspan (trading as Dixie Bedding & Upholstering Company). In one, he complains of the refusal of a referee in bankruptcy to allow his claim for $10,000 as one secured by a lien on certain furniture accounts or mortgages belonging to the furniture company. In the other, he complains of an order of such referee, ordering and confirming a sale by the trustee of such accounts, etc., and ordering Greenspan to turn over to the purchaser the accounts, etc., on which he claims a lien. Also a hearing on a petition for review by the trustee, complaining of the allowance by such referee of Greenspan's claim either as secured or unsecured in any amount.

The summary of the evidence certified by the referee is as follows:

"The O'Neal Furniture Company, a Texas Corporation with E. C. O'Neal, President, filed a voluntary petition in bankruptcy on April 29th, 1932, and was adjudicated a bankrupt by virtue thereof on the 29th day of April, 1932.

"M. Greenspan, trading as Dixie Bedding and Upholstering Company, filed his claim in the said estate on June 7th, 1932, in the amount of Ten Thousand ($10,000.00) Dollars as evidenced by a promissory note dated December 15th, 1931, due and payable six (6) months after date. In said proof of claim the said M. Greenspan, hereinafter referred to as claimant, set out that said note was secured by a mortgage or pledge of certain lease accounts of the O'Neal Furniture Company aggregating Fifty One Thousand Three Hundred and Two Dollars and Fifty Two Cents ($51,302.52). A list of said pledged accounts was attached to the claim.

"The Trustee in due course filed objections to the allowance of the claim either as a secured or unsecured claim.

"The mortgage or pledge was dated December 15th, 1931, but actual delivery of the leases and accounts took place some time after the middle of January, 1932. The original leases and accounts were delivered to the claimant by Mrs. Marie Gudgell, bookkeeper of the bankrupt corporation and secretary to E. C. O'Neal, the President.

"The mortgage or assignment was filed for record by claimant in October, 1932.

"The claimant had sold the bankrupt corporation large quantities of merchandise for many months prior to bankruptcy and prior to the giving of the note in question. He was friendly to Mr. O'Neal, the President of the bankrupt corporation, and testified that he did not divulge the fact that he had a mortgage on the accounts to any one because it would not be just to Mr. O'Neal and it might have caused bankruptcy at the time. He had borrowed money on and discounted other notes of the O'Neal Furniture Company previous to and during the time he had the Ten Thousand ($10,000.00) Dollar note, but never attempted to borrow money on the note in question.

"There was an agreement, at least implied, that the bankrupt corporation was to be permitted to collect on the pledged accounts in the regular course of business and was not required to replace them with others of like value as the security was reduced, nor was the bankrupt corporation required to account to the claimant for the amount collected. According to the Auditor's report filed in this case the bankrupt corporation between December 15th, 1931, and April 29th, 1932, collected in cash on the pledged accounts the sum of Sixteen Thousand Five Hundred and Twenty One Dollars and Fourteen Cents ($16,521.14), and in addition thereto 'pulled' furniture on accounts totalling over Five Thousand ($5,000.00) Dollars.

"The claimant knew the bankrupt was collecting the accounts and presumed that they were reclaiming furniture evidenced by the accounts and he did nothing about the matter. He made no demand on the bankrupt corporation to account for any furniture taken back or 'pulled' as that was not in the agreement. The understanding was that the bankrupt corporation was his agent to collect the accounts and pay the money over to him. He left it to the bankrupt corporation to do this, but they did not do so, and he took no action to compel them to comply with the agreement.

"Findings of the Referee.

"I found that the claim of M. Greenspan as filed be allowed only as an unsecured claim against the bankrupt estate and entered an order to that effect a copy of which is attached hereto and marked Exhibit 'A.'"

The order referred to follows generally the summary of the evidence; the pertinent portion thereof being as follows: "In the case at bar the arrangement between Mr. Greenspan and the O'Neal Furniture Company was such that the O'Neal Furniture Company had the 'unfettered use' of the proceeds of the pledged accounts. This is evidenced and conclusive by the fact that the O'Neal Furniture Company before it filed its petition in bankruptcy had collected over Sixteen Thousand ($16,000.00) Dollars in cash on the accounts and repossessed and 'pulled' over Five Thousand ($5,000.00) Dollars in merchandise."

1. The referee was right in allowing Greenspan's claim only as an unsecured claim. Benedict v. Ratner, 268 U. S. 358, 45 S. Ct. 566, 69 L. Ed. 996; Coppard v. Martin, 15 F.(2d) 743, 745 (5th C. C. A.); In re O'Neal Furniture Company, 3 F. Supp. 109, this day decided.

2. The review of the referee's orders with respect to the sale of the accounts upon which Greenspan claims a lien is predicated upon the existence of such a lien. It being herein held that such lien does not exist, it is not necessary to review such orders.

3. The trustee seeks to review the orders of the referee, allowing Greenspan's claim as an unsecured claim in the sum of $10,000. There is evidence to support the findings of the referee on the facts and that the estate is indebted to Greenspan in that sum. The contention of the trustee is therefore without merit.

It follows that the order of the referee, dated November 28, 1932, allowing Greenspan's claim in the sum of $10,000 as an unsecured claim, and refusing to allow it as a secured claim, should be affirmed. Also that the order of the referee of December 13, 1932, confirming the sale of accounts to the Cooper Grocery Company, and directing Greenspan to turn over to such purchaser the accounts, etc., on which he claims a lien, should be affirmed.

Let an order be drawn accordingly.