## CITY NAT. BANK OF BEAUMONT v. ZORN.*
### In re O'NEAL FURNITURE CO.

#### No. 6980.

Circuit Court of Appeals, Fifth Circuit.
Jan. 23, 1934.

R. E. Masterson, of Beaumont, Tex., for appellant.

Leon Sonfield and Geo. M. Sonfield, both of Beaumont, Tex., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The City National Bank of Beaumont appeals from an order, entered in the bankruptcy proceedings of the O'Neal Furniture Company, rejecting its assertion of a valid lien and allowing its claim as an unsecured claim only. In support of its appeal the bank contends that it has a valid lien on accounts receivable pledged to it by the bankrupt, and is therefore entitled to have its claim given preference over the claims of general creditors.

The furniture company was adjudged a bankrupt on April 29, 1932. On December 22, 1931, or more than four months before

*Rehearing denied March 2, 1934.

bankruptcy, it assigned, pledged, and delivered to the appellant bank its accounts receivable aggregating over $50,000, together with vendor's liens thereto attached, as collateral security upon a note for $10,000. The bank made no collections on the accounts, but within a few days after their receipt redelivered them to the furniture company, and the latter thereafter collected $17,000 on the accounts and repossessed merchandise worth $4500 which was secured by vendor's liens. The proceeds upon such collections were used by the furniture company in its business; no accounting therefor was entered on its books, or made to or required by the bank. Nor was there any substitution of other accounts for those so collected. At the maturity of the $10,000 note, no payment was made on it, and the bank, with full knowledge that the pledged accounts had not been segregated, and that the company had appropriated to its own use the proceeds of such of them as had been paid, accepted three renewal notes payable in 30, 60, and 90 days, respectively. The first of these was paid at maturity, and there was a balance of approximately $6,800 due on the other two when the petition in bankruptcy was filed. A few days before bankruptcy the furniture company, though it had not been requested to do so, returned the pledged accounts receivable and vendor's liens which it still had on hand to the bank.

It thus appears that the bank itself made no collections upon the secured accounts, but redelivered them to the furniture company, and that the latter was permitted to make the collections, to apply the proceeds as it saw fit, and was not required by the bank to replace the accounts which had been collected by other accounts or other collateral security. Under these circumstances, the assignment and pledge by the furniture company to the bank became, as to other creditors, fraudulent in law and void. Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991; Coppard v. Martin (C. C. A.) 15 F.(2d) 743. This case is not distinguishable in principle from that of Benedict v. Ratner, supra, where the claim of preference, under similar circumstances, based upon the existence of a valid lien, was denied.

The order appealed from is affirmed.