## LINDSAY v. RICKENBACKER.

### No. 9465.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1940.

Walter S. Dillon, of Atlanta, Ga., for appellant.

Furman Smith, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case the facts are not in dispute and may be briefly stated. After unsuccessfully petitioning for a reorganization in bankruptcy Automobile Piston and Parts Company, Inc. was adjudicated bankrupt on April 8, 1939, and in due course appellant was appointed and qualified as trustee. Appellee, A. O. Rickenbacker, had filed a claim in the reorganization proceedings, claiming a lien on certain assets of the estate consisting of book accounts assigned to him as security for loans. In the bankruptcy proceedings appellant opposed the allowance of the claim as secured.

The material facts disclosed by the record are these. On March 6, 1936, the bankrupt assigned to Rickenbacker all its book accounts receivable as security for a loan of $15,000, evidenced by notes. On January 6, 1938, an additional loan of $5,000 was made to the bankrupt by Rickenbacker, also evidenced by notes, and secured by the original assignment. The assignments provided that collections on the assigned accounts should be immediately paid to Rickenbacker or deposited in bank in a

special account and held by the bankrupt as trustee for Rickenbacker until he made demand for payment. Rickenbacker gave his power of attorney to the president of the bankrupt, F. I. Culler, his nephew, to draw on the special account for money to be used in the business, which was then a going concern, with the understanding that no withdrawals should be made therefrom until accounts of substantially the same amount were assigned to Rickenbacker and that in no event should the accounts assigned to him be permitted to fall below the face value of $18,000. As a new account was opened the ledger sheet was stamped "For value received this account is assigned to A. O. Rickenbacker." Shortly after the first of each month the bankrupt assigned to Rickenbacker all accounts created up to the 26th of the preceding month.

The case was tried and the witnesses heard by the referee, who made findings of fact, substantially as above stated, and also found that no withdrawals from the special account were made until accounts of substantially the same amounts were assigned to Rickenbacker and that no effort was made to keep the assignments secret and the bankrupt's creditors and the mercantile agencies had notice thereof.

The referee concluded that the accounts were assigned in good faith and for present considerations; that the bankrupt did not have the right to exercise free and unfettered dominion and control over the assigned accounts nor the amounts collected therefrom; that neither did it in fact exercise such dominion and control thereover; that the assignments were not fraudulent either in fact or in law; that there was no evidence to show that Rickenbacker was charged with knowledge of insolvency or that such knowledge as Culver might have had might be imputed to Rickenbacker; that it was not shown that the corporation was insolvent at the time the assignments were made; and that there was no voidable preference. The District Court approved the findings and conclusions of the referee. Judgment in favor of Rickenbacker was entered accordingly.

Appellant disputes the conclusions of the referee and contends that the assignment of August 10, 1938, was void under the Georgia Code, Sec. 28-201(1) and that Rickenbacker had waived his lien.

On the question of preference appellant relies principally upon Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991. In Coppard v. Martin, 5 Cir., 15 F.2d 743, we had occasion to consider the Ratner case and other authorities and reached the conclusion that, under a practically similar state of facts as shown in this case, the lien was valid and should be recognized. We adhere to that decision. Nor do we think the assignment was void under the law of Georgia. Section 28-201(1) deals with general assignments for the benefit of creditors and is not controlling when applied to the facts in this case which create an equitable assignment by a party not shown to be insolvent at the time. Liberty Natl. Bk. v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L.Ed. 1057; Powell v. Clements, 172 Ga. 381, 157 S.E. 699; Sexton v. Kessler, 225 U.S. 90, 32 S.Ct. 657, 56 L.Ed. 995.

On the question of waiver of the lien it appears that the bankrupt listed Rickenbacker's claim as a secured claim in the sum of $12,400, which was the amount the referee found due on the date of adjudication. He had filed his claim as a secured creditor in the reorganization proceedings. The plan of reorganization as approved provided for the settlement of all claims over $100, secured and unsecured, by the issuance of preferred stock. No doubt everybody considered the bankrupt solvent at that time and that the reorganization would be a success. Later the whole staff of the bankrupt resigned and went with a rival concern. Rickenbacker then petitioned for the setting aside of the approval of the plan on that ground. His petition designated him a creditor without saying whether secured or unsecured. The plea of waiver has no foundation in fact.

We concur in the findings and conclusions of the referee as approved by the District Court. The record presents no reversible error. The judgment is affirmed.