In re CLINTON WINE & LIQUOR, Inc.
No. 28135.

District Court, D. New Jersey.
Aug. 8, 1941.

Joseph Fishberg, of Trenton, N. J., for trustee.

W. S. Angleman, of Plainfield, N. J., for respondents.

FORMAN, District Judge.

Daniel Rappoport, trustee in bankruptcy, in a petition filed with the Referee made the following pertinent allegations: That on July 16, 1938, the Trenton Beverage Company obtained a judgment against the bankrupt in the sum of $711.80 in the Mercer County Court of Common Pleas; that execution issued, and the return of the levy indicated that a Ford truck was among the bankrupt's assets; that on July 21, 1938, the Cannizzaro Wine Co. obtained a judgment against the bankrupt in the District Court of the City of Trenton in the sum of $290.03, and that thereafter execution and levy was made upon the same Ford truck; that an involuntary petition in bankruptcy was filed against the bankrupt on July 25, 1938, and an adjudication in bankruptcy was duly entered thereon on August 15, 1938; that on July 26, 1938, a sale of the Ford truck was made pursuant to the execution and levy made in behalf of Cannizzaro Wine Co., and that the proceeds of the sale, $50, were credited thereon; that the petitioner believes that at the time of the above sale the Cannizzaro Wine Co. had knowledge of the prior levy under the judgment of the Trenton Beverage Co.; that the petitioner believes that the truck had a market value of $350 on July 26, 1938; that the truck has since been transferred by S. Sally Esposito, attorney of Cannizzaro Wine Co. and purchaser at the execution sale, to Rutgers Chevrolet Company, which in turn transferred it to the Strong Hardware Company; wherefore the petitioner prays that S. Sally Esposito, Rutgers Chevrolet Company and the Strong Hardware Company be required to show cause why they should not account to the Trustee for the value of the truck, or $350.

The Referee after hearing ordered that the respondents turn over the Ford truck to the trustee or account for its value, which was fixed in the sum of $350, but with leave given respondents to offer fur-

ther proof of value upon two weeks notice to the trustee.

The Referee's decision revolves around the application of the following sections of the Bankruptcy Act:

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this Act [title] by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *." Section 67, sub. a(1) Bankruptcy Act of 1938, 11 U.S.C.A. 107, sub. a(1).

"The court shall have summary jurisdiction of any proceeding by the trustee or debtor, as the case may be, to hear and determine the rights of any parties under this subdivision a. * * *" Section 67, sub. a(4), Bankruptcy Act of 1938, 11 U.S.C.A. 107, sub. a(4).

He concluded that the lien of the levy became effective within the meaning of Section 67, sub. a(1), and under the law of New Jersey on July 21, 1938, the date levy was made, citing McAdams v. Mundy, 79 N.J.L. 480, 76 A. 1031, and that the respondents had failed to prove that the bankrupt was *solvent* on that date. Accordingly, he held that since the lien existed only four days before the involuntary petition in bankruptcy, insolvency was presumed, In re Star Spring Bed Co., 3 Cir., 265 F. 133, and in that case a summary proceeding was not objectionable. Clarke v. Larremore, 188 U.S. 486, 23 S.Ct. 263, 47 L.Ed. 555.

The court in the case of In re Star Spring Bed Co., supra, was concerned with a transfer made by the bankrupt around six o'clock in the afternoon preceding the day on which an involuntary petition in bankruptcy was filed, and the problem was whether or not the bankrupt was insolvent at the time of the transfer. The court stated: "While we are not forgetful of the general rule that no presumption of insolvency at a date prior to that of filing the petition in bankruptcy arises from the adjudication (In re Rome Planing-Mill, [D.C.] 96 F. 812), yet we think reason demands, and that this rule does not, when insolvency is shown on one day, forbid, in the absence of countervailing evidence, a presumption that such condition existed at the close of the preceding day. No evidence having been offered in this case to rebut that presumption, we must find, as did the referee and the District Court, that the Star Company was insolvent at the time of the assignment of its accounts receivable to the bank." 265 F. 133, 135. The Referee in presuming insolvency has extended the above case to include a period of four days prior to the filing of the involuntary petition in bankruptcy.

In the case of Liberty Nat. Bank v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L. Ed. 1057, the Court in referring to Section 67, sub. f, of the Bankruptcy Act prior to the 1938 amendments, 11 U.S.C.A. § 107, sub. f, made the following statements which are equally applicable to the case at bar because that section has been incorporated in Section 67, sub. a(1), of the Bankruptcy Act of 1938: "It applies only to liens obtained in legal proceedings against a person who was 'insolvent' when the lien was acquired. If the debtor was then solvent the lien is not invalidated although it was obtained within four months prior to the filing of the petition in bankruptcy. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. [770]. To invalidate the lien the person challenging it must show that the debtor was insolvent when it was obtained. Stone-Ordean-Wells Co. v. Mark [8 Cir.] 227 F. 975, 978, 142 C.C.A. 433; Martin v. Oliver [8 Cir.] 260 F. 89, 93, 171 C.C.A. 125; Simpson v. Van Etten (C.C.), 108 F. 199, 201; Keystone Brewing Co. v. Schermer, 241 Pa. 361, 365, 88 A. 657; Jackson v. Valley Tie [& Lumber] Co., 108 Va. 714, 718, 62 S.E. 964; Newberry Shoe Co. v. Collier, 111 Va. 288, 290, 68 S.E. 974; Severin v. Robinson, 27 Ind. App. 55, 61, 60 N.E. 966. And see In re Richards [7 Cir.] 96 F. 935, 337 C.C.A. 634; In re Chappell (D.C.) 113 F. 545; In re Community Stores (D.C.) 282 F. 328. Such insolvency must be both alleged and proved. Stone-Ordean-Wells Co. v. Mark, supra [227 F. at] page 978." 265 U.S. 365, 369, 370, 44 S.Ct. 499, 501, 68 L.Ed. 1057.

Herein, the petition of the trustee does not allege that a lien was obtained within the four month period and while the bankrupt was insolvent. It only alleges that there were two successive judgments, executions and levies upon the Ford truck, and that the latter execution creditor had personal knowledge of the former;

wherefore the trustee obtained the rule to show cause. These facts do not reflect the slightest effort to implement the application of Section 67, sub. a(1). Yet the Referee's conclusion revolved around its construction and application. Furthermore, we cannot agree with the Referee that this case is controlled by the case of Clarke v. Larremore, 188 U.S. 486, 23 S. Ct. 363, 47 L.Ed. 555, supra, wherein on the filing of a petition in bankruptcy the District Court restrained a sheriff from paying the proceeds of a sale to a judgment creditor. In this case there was no such timely injunction.

We conclude that the failure to plead and prove insolvency at the time the lien became effective constitutes an omission of a condition precedent to relief under Section 67, sub. a(1).

The Referee's order is therefore reversed.