## In re FLYNN et al.

### No. 22077.

District Court, E. D. Pennsylvania.

Sept. 23, 1943.

Joseph G. Seesholtz, of Pottsville, Pa., for claimants.

James P. Bohorad, of Mahanoy City, Pa., and A. E. Lipkin, of Philadelphia, Pa., for William and Mickalina Walinchus.

BARD, District Judge.

This matter arises on a certificate of review to the action of a referee in bankruptcy in disallowing wage claims filed by each of the two bankrupts in the amount of $270 for services rendered under an alleged agreement with the trustee in bankruptcy. The bankrupts were farmers, and the services for which they claimed compensation out of the bankrupt estate were the preservation of the crops and other personal property for a number of months during which they remained on the farm after the adjudication of bankruptcy.

Prior to the bankruptcy the bankrupts were the owners and occupiers of the farm, which they had mortgaged in 1940. Shortly prior to the bankrupts' filing their petition in bankruptcy the mortgagee had entered judgment on the bond accompanying the mortgage and had levied on the personal property of the bankrupts. The sale scheduled under this levy was restrained when the bankrupts filed their petition in bankruptcy. Thereafter, both the real property and the personal property were sold by the trustee in bankruptcy free and clear of encumbrances, and the mortgagee was the purchaser in each instance. The proceeds from the sales of this property were the only assets of the estate and were insufficient to pay the amount of the liens claimed by the mortgagee.

At the hearings before the referee, the trustee in bankruptcy conceded, and the referee so found, that at the time of the levy on the personal property of the bankrupts, they were solvent. Accordingly,

their bankruptcy, even though it occurred within four months of the levy, did not invalidate its lien.[1] Liberty Nat. Bank v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L.Ed. 1057. Under these circumstances, the referee properly held that the proceeds of the sale, being insufficient to satisfy valid liens against the property sold, were not, without the consent of the lien holder, chargeable with the general administration expenses of the bankruptcy, nor even the cost of preserving and administering the encumbered property. In re Vulcan Foundry & Machine Co., 3 Cir., 180 F. 671; In re Ford's Wawbeek Springs, Inc., D.C., 7 F.2d 959; In re Centralia Refining Co., D.C., 35 F.Supp. 599.

---

[1] With respect to the real estate, the mortgage lien had existed for more than three years at the time of bankruptcy, and the referee likewise found that at the time of the execution of the mortgage the bankrupts were solvent.