## McCLUNG–LOGAN EQUIPMENT CO., Inc. v. FRIEDMAN.

### No. 6390.

United States Court of Appeals Fourth Circuit.

Argued April 1, 1952.

Decided April 3, 1952.

John S. McDaniel, Jr., Baltimore, Md. (Karl F. Steinmann, Baltimore, Md., on brief), for appellant.

Irving B. Grandberg, Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a bankruptcy proceeding in which a judgment obtained by one of the creditors was held void under Section 67 of the Bankruptcy Act, 11 U.S. C.A. 107. The judgment was obtained on March 24, 1949, but is to be treated as obtained on July 20, 1949, because on that date the creditor entered into an agreement to that effect in consideration of the debtor's agreeing not to file a petition in bankruptcy at that time. The only question in the case is whether on July 20, 1949, the debtor was insolvent within the meaning of the bankruptcy act. The referee in bankruptcy so found and his findings were approved by the District Judge. The principal contention of the creditor is that the evidence as to valuations relied on by the referee and the judge related to values subsequent to July 20; but the principal controversy related to real estate and contractor's equipment and there was nothing to show that there had been any fluctuation in their value between July 20 and the date to which the valuations related. It is true that the insolvency of the bankrupt for the purposes of this case must be determined as of the date when the judgment was obtained, or July 20, 1949, and that, in making such determination, assets must be valued at what they were reasonably worth at that time, and not at what they turned out to be worth sometime later after bankruptcy had supervened. Everett v. Warfield Mining Co., 4 Cir., 37 F.2d 328. The difficulty that confronts appellant, however, is that both the referee and the trial judge have found insolvency on July 20, and we think that the evidence supports the finding. Mutual Savings & Loan Ass'n v. McCants, 4 Cir., 183 F.2d 423, 425. As said by the trial judge in his opinion: "Where, as is often the case in court proceedings, valuations have to be made as of an anterior date, the trier of facts must necessarily, in cases where property involved had no ascertained market value at the earlier time, receive and consider the best evidence available even though it originates subsequent in date to the precise point of time involved. This is entirely familiar practice in this court in many valuation cases including particularly land condemnation. Schedules filed by the bankrupt and valuations of assets resulting from forced sales subsequent in point of time to the date as of which the trustee has the burden to prove insolvency, are not of themselves sufficient to show insolvency at the earlier period. Liberty Nat. Bank v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L.Ed. 1057; Everett v. Warfield M. Co., 4 Cir., 37 F.2d 328; but they may be considered in connection with other evidence in the case especially when as here there was ample satisfactory evidence by the bankrupt and his bookkeeper

that there had been no substantial or radical change in the assets or liabilities of the bankrupt between July 20, 1949 and November 19, 1949, the date of bankruptcy. The certificate of the referee and the evidence in the case clearly show that these considerations were fully borne in mind by the referee in his valuations."

Question is raised as to whether the real estate should have been valued subject to dower or free from dower in determining the question of insolvency. We need not go into that matter, however, since the debtor was clearly insolvent on the valuations found by the referee and the District Judge, even if the dower be ignored.

Affirmed.